**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CRISTELLA MEDRANO,** | § | |
| **Defendant-Petitioner,** | § | |
| | § | **NO. 3:06-CV-1568-L (BF)** |
| **v.** | § | **(3:04-CR-376-L) (BF)** |
| | § | **ECF** |
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff-Respondent.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the United States District Court for the Northern District of Texas, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the magistrate judge follow:

## FINDINGS AND CONCLUSIONS

Cristella Medrano, ("Movant") seeks to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Movant is a federal prisoner currently incarcerated in a federal correctional institution. Respondent is the United States of America ("Respondent").

## STATEMENT OF THE CASE

On December 14, 2004, Movant was charged in a one-count indictment with conspiracy to possess with intent to distribute 500 grams or more of cocaine. On February 7, 2005, she pled guilty to the indictment. On August 29, 2005, the District Court sentenced her to 108 months' imprisonment and a three-year term of supervised release. Movant did not appeal. Her § 2255 motion was timely filed on August 28, 2006.

**ISSUES**

Movant claims that she received ineffective assistance when her counsel failed to object to (1) the denial of the "safety valve" reduction under USSG § 2D1.1(b)(7); (2) the denial of acceptance of responsibility; and (3) the two-level enhancement for possession of a dangerous weapon under USSG § 2D1.1(b)(1). She also asserts that her counsel failed to file a notice of appeal.

**STANDARD OF REVIEW**

The Sixth Amendment of the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for her defense. U.S. CONST. art. VI. To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a petitioner must demonstrate that her trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced her defense. *Strickland v. Washington,* 466 U.S. 668, 691 (1984). In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*.

The *Strickland* standard applies whether the petitioner pled guilty or not guilty. *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). To prevail on the deficiency component of this test, a movant must identify the acts or omissions that were not the result of reasonable professional judgment. *Strickland,* 466 U.S. at 690. In the context of a guilty plea, to prove the "prejudice" portion of the

test, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. To prove the prejudice prong of alleged sentencing errors, a movant must show that there was a reasonable probability that, but for counsel's action, she would have received a lower sentence. *United States v. Grammas*, 376 F.3d 433 (5th Cir. 2004). The Constitution requires a criminal defense attorney to advise her client of her right to appeal, of the procedures and time limits involved in appealing, and of her right to appointed counsel on appeal. "A defendant is prejudiced by counsel's failure to fully inform her of her appellate rights when that failure actually causes the defendant to lose the right to appeal." *White v. Johnson*, 180 F.3d 648, 651-52 (5th Cir. 1999). A defendant who learns of her appellate rights from another source and does not appeal is not prejudiced by her counsel's failure to advise her of those rights. *Id.* at 655. A criminal defense attorney does not have a duty to perfect an appeal on behalf of his convicted client until the client makes it known that she wants to appeal. *Childs v. United States*, 995 F.2d 67, 69 (5th Cir. 1993). The decision to appeal belongs to the client. *White*, 180 F.3d at 652; *United States v. Faubion*, 19 F.3d 226, 231 (5th Cir. 1994). A defendant waives the right to appeal if the defendant knows about her right to appeal and fails to make known her desire to exercise that right. *Childs,* 995 F.2d at 69.

## ANALYSIS

### Failure to Object

Movant contends that counsel failed to object to the Court's denial of the "safety valve" reduction under USSG § 2D1.1(b)(7) and acceptance of responsibility. She also asserts that counsel failed to object to the two-level enhancement under USSG § 2D1.1(b)(1), for possession of a

dangerous weapon. The record shows that these claims are without merit. The District Court accepted the recommendation in the PSR that Movant receive the two level decrease under USSG §2D1.1(b)(7). (PSR, ¶ 37; Court's Statement of Reasons, ¶¶ I (A),VIII; Resp't App. at 1-2.) Therefore, counsel's objection would have been frivolous. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990); *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995). Counsel's failure to make a meritless objection is not ineffective assistance of counsel. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

Contrary to Movant's arguments, counsel objected to the District Court's denial of acceptance of responsibility. (Sent. Tr. at 27-30; Resp't App. at 2.) The District Court considered counsel's objection, but overruled it because of Movant's positive urine samples during her pre-trial release. (Sent. Tr. at 30.) Similarly, counsel objected to the two-level enhancement for the possession of a dangerous weapon. (Def.'s Obj. to the PSR, ¶ II.) Counsel strongly urged the objection at sentencing and cross-examined the government's agent regarding Movant's use of the gun. ( Sent. Tr. at 5-23.) The District Court overruled the objection. (Sent. Tr. at 23-25.) Counsel was not deficient simply because his efforts were unsuccessful. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983).

**<u>Failure to Appeal</u>**

Movant asserts that counsel provided ineffective assistance because he failed to file a notice of appeal or advise her of her right to do so. Movant's claim is without merit because the District Court advised Movant of her right to appeal. (Sent. Tr. at 43.) Specifically, the Court told her that (1) an appeal would need to be taken within ten days of the entry of the judgment; (2) she could request to proceed *in forma pauperis*; and (3) she could request appointed counsel to represent her on appeal. (*Id*.) The record demonstrates both (1) that Movant was aware of her appellate rights

and (2) that she was not prejudiced. *White v. Johnson*, 180 F.3d at 655. Additionally, counsel states in his affidavit that he advised Movant of her right to appeal on at least two occasions and that he did not file a notice of appeal because Movant told him that she did not want to appeal her sentence. (Resp't App. at 3.) Moreover, the District Court had given Movant a two-level "safety valve" reduction, a five-level downward departure, a sentence at the bottom of the guideline range, and ordered that her federal sentence run concurrently with her state sentence. No reason existed for counsel to think that a rational defendant would want to appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) (counsel has a duty to consult with a defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that she was interested in appealing).

Movant claims that counsel should have appealed the two-level enhancement under USSG § 2D1.1(b)(1) for possession of a dangerous weapon. She argues that this enhancement violates *Blakely v. Washington*[1] because she neither admitted the possession of a dangerous weapon nor was it found by a jury. Movant was not entitled to a jury trial on the guideline enhancement because the District Court sentenced her in August, 2005, after the Sentencing Guidelines became advisory. *See United States v. Booker*, 543 U.S. 220 (2005) (extending the ruling in *Blakely* to the federal sentencing guidelines). The District Court told Movant at sentencing that the guidelines were not mandatory. (Rearraign. Tr. at 16.) No *Booker* error occurred; therefore counsel did not provide ineffective assistance for failure to appeal on that basis.

Movant fails to show deficient conduct and resulting prejudice. The Court finds that

---

[1] *Blakley v. Washington*, 542 U.S. 296 (2004).

Movant's claims of ineffective assistance of counsel are without merit and should be denied.

## RECOMMENDATION

The record conclusively shows that Movant is not entitled to relief. The Court recommends that Movant's motion to vacate, set aside, or correct her sentence, filed pursuant to 28 U.S.C. § 2255 be **DENIED**.

**SO RECOMMENDED**, June 22, 2007.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).